IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NICHOLAS COLUCCI, d/b/a EZ LINE PUTTERS, § § § § | |
| Plaintiff, § § | Civil Action No.: 6:08-cv-288-LED |
| vs. § § | |
| CALLAWAY GOLF COMPANY, § § | |
| Defendant. § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff, Nicholas Colucci ("Plaintiff"), files this Original Complaint against Defendant, Callaway Golf Company ("Callaway"), and as claim for relief shows:

### I. THE PARTIES

1. Plaintiff is an individual doing business as EZ Line Putters and is a citizen of the state of New York.

2. Plaintiff is the inventor, patentee and sole owner of the inventions disclosed and claimed in United States Patent No. 4,962,927, entitled "Putter Head" ("the '927 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on October 16, 1990, a copy of which is attached as Ex. A.

3. In the operation of his business, Plaintiff designs and sells golf putters made in accordance with the '927 Patent, that are known as EZ Line Putters. Plaintiff also sells licenses to make and sell EZ Line Putters under the '927 Patent.

4. On information and belief, Callaway is a Delaware corporation with an office and principal place of business at 2180 Rutherford Road, Carlsbad, California 92008. Defendant is a citizen of the states of Delaware and California.

5. On information and belief, Callaway is in the business of manufacturing various types of golf clubs, golf balls, and associated golf equipment and accessories and is offering for sale and selling such products within the Eastern District of Texas and throughout the United States and elsewhere throughout the world. On information and belief, Callaway sells such products directly through on- and off-course golf retailers and sporting goods retailers, through wholly owned domestic and foreign subsidiaries, to foreign distributors, through online sales at its web site www.Shop.CallawayGolf.com, and by phone at 1.877.CALLAWAY.

## II.     JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, Title 35, United States Code; the Trademark Laws of the United States, Title 15, United States Code; and the common law of unfair competition and unjust enrichment.

7. This Court has jurisdiction of the subject matter of the patent claims herein pursuant to 28 U.S.C. §§ 1331 and 1338(a), and of the trademark claims herein pursuant to 15 U.S.C. § 1125(a) (Section 43 of the Lanham Act). This Court has supplemental jurisdiction over the common law claims of unfair competition and unjust enrichment pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district court pursuant to 28 U.S.C. § 1391(c) and 1400(b).

## III.     FACTUAL BACKGROUND

9. Among the types of golf clubs manufactured by Callaway and sold in the Eastern District of Texas and elsewhere throughout the United States and the world are certain golf

putters sold under the name "Odyssey" that bear the designations: White Hot XG #7; White Hot XG #7 Long Putter; Black Series I #7; and White Hot XG Sabertooth. Each of the foregoing products infringes one or more claims of the '927 Patent, and, on information and belief, such infringement continues to the present time.

10. On information and belief, Callaway's infringement of the '927 Patent has at all times been and continues to be willful, objectively reckless, and committed with full knowledge of the '927 Patent.

11. Plaintiff, in addition to being the named inventor and patentee of the '927 Patent, also does business as EZ Line Putters, a business for the design, sale and licensing of golf putters sold under the name EZ Line Putter. Plaintiff has operated EZ Line Putters continuously since about February 5, 1999. EZ Line Putters has a web site for the promotion and sale of such putters at www.ezlineputters.com.

12. At least about as early as March 1999, and in about November 2001, and again in about 2004, in the conduct of his business at EZ Line Putters, Plaintiff provided information to Callaway concerning his concepts, ideas and designs for improved golf putters and offered Callaway a license under his patents, including the '927 Patent. Plaintiff's EZ Line Putter designs encompassed the new concepts, ideas and designs, structures and physical properties that Plaintiff knew, and Callaway came to know, to provide improved golfing results when used as intended. Plaintiff also served as a consultant to Callaway in connection with a lawsuit that Callaway had at that time with another party.

13. As a result of Plaintiff's contacts with Callaway through the years, Callaway has had actual knowledge of Plaintiff's '927 Patent and of his EZ Line Putter golf putter concepts and designs continuously since at least as early as March 1999.

14.     Despite the advantages inherent to Plaintiff's patented putters, and Callaway's knowledge of such advantages, Callaway on at least two occasions refused to take a license under Plaintiff's patents.

15.     On information and belief, despite having received information concerning Plaintiff's putter concepts, ideas and designs and refusing to take a license under Plaintiff's patents, Callaway introduced the infringing Odyssey White Hot XG #7 and White Hot XG #7 Long Putter, Odyssey Black Series I #7, and the White Hot XG Sabertooth putter lines starting in about August 2006, and for a full year in 2007. On information and belief, infringing sales of these putter product lines continue to the present time.

16.     On information and belief, Callaway's profit margins increased year after year from 2006 to 2007 based in substantial part on sales of the White Hot XG #7, White Hot XG #7 Long Putter, Odyssey Black Series I #7, and the White Hot XG Sabertooth putter product lines, all of which are among the products alleged herein to infringe the '927 Patent.

17.     At no time did Callaway acknowledge to Plaintiff its use of Plaintiff's putter concepts, ideas and designs and of the inventions disclosed and claimed in the '927 Patent, nor did Callaway request a license thereunder, despite one having been being proferred by Plaintiff, before it introduced said products into the marketplace, knowing full well of the existence of the '927 Patent.

18.     Callaway's willful infringement of the '927 Patent and its misappropriation of Plaintiff's golf putter concepts, ideas and designs has damaged Plaintiff in his business and caused the loss of potential opportunities to sell or license his patented putter designs as a result.

19.     Callaway in bad faith has unjustly misappropriated the results of the skill, expenditures and labors of Plaintiff, a competitor of Callaway's in the business of designing and

selling golf putters, for its own use and profit.

20. By reason of all of the aforesaid acts, Plaintiff has been damaged by Callaway's infringement of the '927 Patent and its misappropriation of his putter concepts, ideas and designs.

### Count 1 (Patent Infringement)

21. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 20 as if fully set forth herein.

22. Callaway's aforesaid activities constitute infringement of one or more of the claims of the '927 Patent.

23. On information and belief, Callaway will continue to infringe the '927 Patent unless enjoined by this Court.

24. As a result of Callaway's infringing conduct, Plaintiff has been irreparably damaged to an extent not yet determined and Plaintiff will continue to be irreparably damaged by such acts in the future unless Callaway is enjoined by this Court from committing further acts of infringement.

25. Plaintiff is entitled to recover damages in an amount that adequately compensates him for Callaway's willful infringement, which damages should be increased up to three times the amount found or assessed.

### Count 2 (Trade Dress Infringement and Unfair Competition)

26. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff's golf putters, including the EZ Line Putter's color, shape, design, and overall commercial impression are inherently distinctive.

28. Plaintiff has acquired trade dress rights in the non-functional elements of its golf putters including the EZ Line Putter color, shape, design, and overall commercial impression.

29. Callaway's White Hot XG Marxman Blade putter, among others, incorporates colors, shapes, non-functional design features and an overall commercial impression that consumers associate with Plaintiff's golf putters including the EZ Line Putter.

30. Callaway's use of Plaintiff's golf putter colors, shapes, design features and overall commercial impression trades off of Plaintiff's goodwill and reputation associated with Plaintiff's golf putters including the EZ Line Putter.

31. Callaway's use of the White Hot XG Marxman Blade putter, among others, is confusingly similar to Plaintiff's golf putter colors, shapes, non-functional design features and overall commercial impression and constitutes infringement of Plaintiff's trade dress rights and unfair competition under the Lanham Act and the common law.

32. Callaway's infringement of Plaintiff's rights has irreparably damaged Plaintiff and continues to irreparably damage plaintiff.

33. Plaintiff is entitled to all damages for infringement, including any statutory damages under the Lanham Act.

34. Callaway's aforesaid activities in misappropriating Plaintiff's putter concepts, ideas and designs constitute unfair competition under the Trademark Laws of the United States, 15 United States Code, section 1125(a) (section 43 of the Lanham Act), and under the common law.

35. As a result of Callaway's misappropriation of his putter concepts, ideas and designs, Plaintiff has been irreparably damaged to an extent not yet determined and Plaintiff will

continue to be irreparably damaged by such acts in the future unless Callaway is enjoined by this Court from committing further acts of unfair competition.

36. By reason of such misappropriation, Plaintiff is entitled to recover damages in an amount that adequately compensates him for Callaway's unfair competition.

**Count 3 (Unjust Enrichment)**

37. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. As an intended, direct, foreseeable and proximate cause of Callaway's wrongful and unjustified conduct, Plaintiff is suffering and will continue to suffer injury as set forth herein, including damages in the form of lost business opportunities and lost profits from the sale or licensing of his golf putter concepts, ideas and designs.

39. Plaintiff is entitled to the return, by way of disgorgement, restitution, divestiture, and/or other equitable remedy, of such monies, and is entitled to an order enjoining Callaway from engaging in future unjustified conduct that is similar to the conduct complained of herein.

40. In partial or full alternative to the preceding claims for relief, Plaintiff has no adequate remedy at law for the injunctive relief sought herein and seeks such relief to remedy otherwise irreparable harm.

## IV.   PRAYER

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays for relief against Callaway as follows:

(a) Determining Callaway to be liable to Plaintiff for infringement of the '927 Patent;

  (b)  Awarding Plaintiff damages to compensate for Callaway's infringement;

  (c)  Determining that Callaway's infringement was willful;

  (d)  Increasing the damages up to three times, pursuant to 35 U.S.C. § 284;

  (e)  Preliminarily and permanently enjoining Callaway, its subsidiaries, affiliates, officers, agents and employees from further infringement of the '927 Patent;

  (f)  Determining that this is an exceptional case, pursuant to 35 U.S.C. § 285 and awarding Plaintiff his attorneys' fees;

  (g)  Determining that Callaway has competed unfairly with Plaintiff in misappropriating his trade dress rights in the non-functional elements of his golf putters including the EZ Line Putters color, shape, design, and overall commercial impression, and Plaintiff's golf putter concepts, ideas and designs, and that Plaintiff has been damaged as a result of such unfair competition;

  (h)  Awarding Plaintiff damages to compensate for Callaway's unfair competition;

  (i)  Preliminarily and permanently enjoining Callaway, its subsidiaries, affiliates, officers, agents and employees from unfairly competing further with Plaintiff;

  (j)  Determining that Callaway has been unjustly enriched as a result of its unlawful and unjust activities in respect of Plaintiff and awarding Plaintiff his damages as a result; and

      (k)     Granting Plaintiff such other and further relief as the Court may find just and equitable to remedy such unfair competition and unjust enrichment.

## V.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Date:  July 10, 2008

By:  */s/Andy Tindel*
ANDY TINDEL
State Bar No. 20054500
PROVOST✶UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
E-mail: atindel@andytindel.com

*/s/ Dariush Keyhani*
DARIUSH KEYHANI (NJ SBN 044062002)
*Pro Hac Vice Pending*
SIDNEY R. BRESNICK (NY SBN 10235751)
*Pro Hac Vice Pending*
MEREDITH & KEYHANI, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Direct Dial:  (646) 536-5692
Facsimile (212) 202-3819
dkeyhani@meredithkeyhani.com
sbresnick@meredithkeyhani.com
*Attorneys for Plaintiff NICHOLAS COLUCCI,
d/b/a EZ LINE PUTTERS*